## LUDY v. COLUSA COUNTY.*

### No. 18,403; May 27, 1896.

#### 45 Pac. 166.

County—Claim for Repair of Highway.—In an action against a county, by a road overseer, to recover for services and money expended in the repair of county roads, testimony of the road commissioner that he had spoken to plaintiff in regard to working on the public roads, and had always directed him not to run in debt in excess of the funds appropriated for such work, and that he did not know anything about plaintiff's doing the work on which his claim was based until the bills therefor came in, is insufficient to show that the work in question was authorized by the commissioner, so as to authorize plaintiff to recover therefor.

Garoutte, J., dissenting.

APPEAL from Superior Court, Colusa County; E. A. Bridgford, Judge.

Action by one Ludy against the county of Colusa. There was a judgment for defendant and plaintiff appeals. Affirmed.

M. J. Keys for appellant; Ernest Weyand for respondent.

HARRISON, J.—The plaintiff was the road overseer of road district No. 6 of the county of Colusa, from January 1,

---

*Rehearing denied. For former opinion, see ante, p. 99, 41 Pac. 300.

1891, until May 12, 1891. Between March 31st and May 12th of that year, as such overseer, he performed work and expended moneys upon the roads in that district, and others, at his instance and request as such overseer, also performed work and furnished materials for the benefit of the roads in the district. Claims on behalf of the plaintiff and the others who had been employed by him were presented to the board of supervisors of the county, and upon their rejection the others assigned their claims to the plaintiff, and the present action was brought by him for the recovery of the whole amount of said claims. The cause was tried by the court without a jury, and the court found that "there was no direction of the board of supervisors of Colusa county, nor of any member thereof, or of the road commissioner of said district No. 6, nor of any road commissioner, to the said plaintiff, W. W. Ludy, road overseer of said road district No. 6, nor to anyone else, to do the work alleged in the complaint to have been done, or any part thereof, or to furnish material as in said complaint alleged, or any part thereof." Judgment was thereupon rendered in favor of the defendant, from which, and from an order denying a new trial, the plaintiff has appealed.

The following provisions of the Political Code were in force at this time:

"Sec. 2641. Each supervisor shall be ex-officio road commissioner of the several road districts in his supervisor district, and shall see that all orders of the board of supervisors pertaining to the roads in his district are properly executed.

"Sec. 2642. The road overseer shall, under the direction of the road commissioner of his district, perform the duties in this chapter hereinafter specified.

"Sec. 2643. The boards of supervisors of the several counties of this state shall have general supervision over the roads within their respective counties. They must by proper ordinance: . . . . (7) Order and direct overseers, specially in regard to work to be done on particular roads in their districts."

Each of the several county government acts that the legislature has passed has also, in subdivision 4 of section 25 in the several acts, given to the board of supervisors of their respective counties jurisdiction and power to lay out, maintain, control and manage public roads, turnpikes, ferries and

bridges within the county. Section 2645 of the Political Code, as it was amended March 19, 1889 (Stats. 1889, p. 339), provided as follows: "Road overseers, under the direction and supervision of the road commissioners, and pursuant to orders of the board of supervisors, must: (1) Take charge of the highways within their respective districts, and shall employ all men, teams, watering carts, and all help necessary to do the work in their respective districts." And, as thus amended, it was in harmony with the provisions of section 25, subdivision 4, of an amendment to the county government act, which was passed three days earlier at the same session of the legislature (Stats. 1889, p. 232), by which road overseers, in their respective districts, were authorized "to employ all labor required, and direct the conduct of work of any kind done upon any and all public roads." At the next session of the legislature, however, a new county government act was passed, March 31, 1891 (Stats. 1891, p. 295), which took effect immediately, in which, by section 25, subdivision 4, this power was taken away from the road overseers, and it was provided that "the road commissioners in their respective districts shall employ all labor required, and direct the conduct of work of any kind done upon any and all public roads." On the same day section 2642 of the Political Code was amended (Stats. 1891, p. 474) by providing that the office of road overseer should be abolished, and that "whenever in this code the words road overseer occur, they shall be taken and construed so as to read road commissioner." The provisions of this act did not take effect, however, until January, 1893, so that the office of road overseer was continued until that time, with its duties modified by the above provision of the county government act. The road overseer was still required to take charge of the highways, and perform certain duties, under the direction of the road commissioner, but he was not authorized to employ any labor therefor. The complaint in the present action alleges that all of the labor performed by the plaintiff and by the others, as well as the moneys expended by the plaintiff, for which this action is brought, was performed and expended after the 31st of March, 1891; and not only is there no averment that the labor, either of the plaintiff or of the others, was employed by the road commissioner, but it is expressly alleged that it was all done at the special instance and request of the plaintiff, and

the court finds that there was no direction of the road commissioner to do the work, or to furnish the material.

At the trial the supervisor who was the road commissioner for the district embracing road district No. 6 testified that he had spoken with the plaintiff in relation to working on the public roads in that district, and had always told the road master not to run in debt. On cross-examination he was asked: "If you ever did speak to Mr. Ludy on the subject of doing work, you only told him not to do work in excess of the amount of money apportioned for the payment of the indebtedness—not to run the district in debt in excess of the funds of the district?" to which he replied: "Yes, sir; that was the understanding with all the roadmasters." The plaintiff contends that from this testimony the court should have found that he was properly directed to do the work, and that the above finding of the court was contrary to the evidence. The witness, however, testified that he did not know anything about the plaintiff's doing the work, and did not know anything about the work, until the bills came in. Under these statements of the witness, we cannot say that the decision of the court was not justified by the evidence. There was no evidence that the road commissioner ever employed the plaintiff to do any work, or authorized him to employ other labor. As the statute did not confer upon the plaintiff any authority to employ labor for the improvement of the roads, and thereby create a charge against the county, the plaintiff not only did not state a cause of action in his complaint, but he failed at the trial to establish any claim against the county, either on behalf of himself, or either of his assignors. The judgment and order are affirmed.

We concur: Beatty, C. J.; Temple, J.; Henshaw, J.

GAROUTTE, J.—I dissent. This is an action brought against the county of Colusa by one Ludy, road overseer of a certain road district in that county. He brought the action for labor performed by himself upon the public roads, and also as assignee of the claims of some fifteen others for labor performed upon these roads, and material furnished which was used thereon. There is no claim of any kind made that the services were not performed and the materials furnished, nor any claim that the prices charged were excessive, but, upon the contrary, the record shows plaintiff attempting to

recover an honest debt of Colusa county, and it should be paid. Two questions only are presented by the record upon this appeal: First, as to the sufficiency of the allegations of the complaint to support a judgment; and, second, as to the sufficiency of the evidence. It is conceded that if plaintiff, as road overseer, was authorized to do this work by the road commissioner of the district, such authority would be sufficient; but it is now insisted that there is no allegation in the complaint to that effect, and that, therefore, a cause of action is not stated. Under the facts disclosed by the record, a recovery by plaintiff should not be defeated upon any such grounds. Those facts are these: (1) A general demurrer to the sufficiency of the complaint was overruled by the trial court; (2) the complaint contains a general allegation of indebtedness from defendant to plaintiff of the amounts set out therein; (3) evidence was introduced at the trial as to the plaintiff's authority from the road commissioner to do the work; (4) the court made a finding of fact upon such evidence; (5) the court treated the allegation of indebtedness stated in the complaint as a material and sufficient allegation of the fact, and made a finding upon the issue created by the answer in that respect. For these reasons, in common justice, we are bound to hold that now the complaint should be deemed sufficient to support the judgment. To hold otherwise, a party would be wronged of a most substantial right by invoking a very technical rule of law. The court made a finding of fact that plaintiff was not authorized by the road commissioner to do the work. We are clear that this finding is directly opposed to the evidence. The only testimony offered upon this point was that of Mr. Herd, the road commissioner, who testified as follows: "Q. Did you ever speak to Mr. Ludy [road overseer] with relation to working upon the public roads of that district, in the spring of '90 and '91? A. Oh, yes; we always talked about the roads. Q. Did you tell Mr. Ludy at any time that he was running in debt, and was doing more work than was required? A. No; I don't know anything about him doing that work, in fact. Q. You say you don't know whether you spoke to Mr. Ludy concerning doing work, or not doing work? A. I am not positive about it. I presume I did, though. Q. You presume you did? A. Yes, sir. Q. If you ever did speak to Mr. Ludy on

the subject of doing work, you only told him not to do work in excess of the amount of money apportioned for the payment of the indebtedness—not to run the district in debt in excess of the funds of the district? A. Yes, sir; that was the understanding with all the roadmasters.'' There is but one construction to be put upon this evidence, and that is that the road overseer had general authority from Mr. Herd to do the necessary work in repairing the roads of his district, to the extent of the money on hand in the road funds of that district, and there is no pretension here that such instructions were violated. Conceding that the commissioner did not know plaintiff was doing the particular work upon which a recovery is here sought, that fact is immaterial; for the work was done under a general authority, which, we have seen, was plainly conferred.